NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM LASTER, PETITIONER, v. C. G. WINANS SALT COMPANY, RESPONDENT.

Injury to Leg—Temporary Compensation Paid—Petitioner Claims Permanent Disability—An Old Injury to Leg Existed —Appendicitis—Held Proof Not Sufficient to Connect Either With the Temporary Injury.

On determination of facts and rule for judgment.

For the petitioner, *Samuel Greenstone.*

For the respondent, *McCarter & English.*

\* \* \* \* \* \* \*

There was no dispute as to petitioner having been employed by respondent on February 23d, 1926; that on that day he had an accident and that he had sustained some temporary disability as a result thereof for which he had been paid by respondent. It was, however, claimed that petitioner had been permanently disabled as a result of this accident. I do not find that to be the fact.

Dr. Fern, who treated petitioner the day of the accident and for some time thereafter, testified that petitioner had a bruise on his left hip, which cleared up, and that petitioner was fit to go back to work on March 15th, 1926. Dr. Cahill

testified that he examined and treated petitioner about a week later for a swelling of the right leg below the knee, a temporary condition, cured shortly thereafter. It is undisputed that about twelve years ago petitioner incurred a very serious injury to his right leg and knee, the leg being fractured with the fracture extending into the knee. Apparently there is a bullet or something similar still lodged there. This injury has left a disability existing at the present time. It is further in evidence in the petitioner's case that, on July 28th, 1926, petitioner became a patient at the Newark City Hospital, remaining there until August 8th, 1926. While the hospital record shows that the old knee injury was noted as such, there is nothing in that record or in the testimony of the two hospital physicians to show that there was found at the hospital any injury to petitioner's back or recent injury to his knee, or that any treatment was given him for his back or knee, or anything else other than his appendix.

This disposes of everything but the appendicitis. As to that—the accident happened February 23d, 1926—Dr. Bergman says that on April 5th, 1926, he diagnosed the appendix condition as chronic. At the hospital it was again diagnosed as chronic, and the post-operative diagnosis was also chronic with acute accerbation. This was July 28th, 1926, five months after the accident, in which accident petitioner had fallen on his back. Under such testimony it can hardly be seriously urged that the appendicitis was caused by the accident.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*